McGREGOR W. SCOTT
United States Attorney
STANLEY A. BOONE
SHEILA K. OBERTO
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4042

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:07-CR-00335 OWW |
| ) | |
| Plaintiff, ) | APPLICATION FOR ORDER REGARDING |
| ) | CRIMINAL FORFEITURE OF PROPERTY |
| v. ) | IN GOVERNMENT CUSTODY |
| ) | 18 U.S.C. § 983(a)(3)(B)(ii)(II) |
| CRUZ MENDOZA, ) | |
| aka CARLOS ESPINDOLA ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about December 7, 2007, agents with the Office of Labor Racketeering and Fraud Investigations, Employment Development Department, U.S. Postal Inspection Service, and Immigration and Customs Enforcement executed a Federal search warrant at 338 ½ S. M Street, Dinuba, California. The agents seized the following during the execution of the search warrant:

    a)    Approximately $213,690 in U.S. Currency, which was seized on or about December 7, 2007.

1  Hereinafter, the above-referenced asset is referred to as the
2  "seized currency".  On or about January 22, 2008, the Federal
3  Bureau of Investigation ("FBI") received the seized currency from
4  the U.S. Department of Labor, Office of Inspector General.  The FBI
5  turned over the seized currency to the U.S. Marshals Service that
6  same day.
7       On December 20, 2007, the Grand Jury returned an Indictment
8  containing a forfeiture allegation that includes the above-
9  described asset.  The Indictment alleges that the above-described
10 asset is subject to forfeiture pursuant to 18 U.S.C. § 981, a civil
11 forfeiture statute made applicable in criminal forfeiture matters
12 pursuant to 28 U.S.C. § 2461(c).
13      Section 2461(c) provides that the court shall utilize the
14 criminal forfeiture procedures set forth in 21 U.S.C. § 853.  That
15 statute provides several methods for preserving property for the
16 purpose of criminal forfeiture.  One such provision authorizes a
17 court upon the filing of an Indictment charging an offense for
18 which forfeiture may be ordered and alleging that specific property
19 would, in the event of conviction, be subject to forfeiture to
20 "take any other action to preserve the availability" of such
21 property.  *See* 21 U.S.C. § 853(e)(1)(A).  Such restraining orders
22 may be entered ex parte.  And, in entering the order, the Court may
23 rely on the grand jury's return of an Indictment specifying that
24 the property shall, upon conviction, be subject to forfeiture to
25 the United States.  *See, e.g., United States v. Jamieson*, 427 F.3d
26 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order
27 under Section 853(e)(1)(A) may be ex parte and based on grand
28 jury's finding of probable cause).

The government contends here that the "take any other action to preserve the availability" of property provision of Section 853(e)(1)(A) applies in circumstances where, as here, the government has already obtained lawful custody of the asset pursuant to a Federal search warrant, and the government seeks to continue to maintain custody of such asset pending further criminal forfeiture proceedings. Accordingly, pursuant to Section 853(e)(1)(A) of Title 21, the United States respectfully moves this Court to issue an ex parte order based on the grand jury's finding of probable cause that directs the United States may maintain custody of the seized currency through the conclusion of the pending criminal case.

Dated: January 24, 2008                McGREGOR W. SCOTT
                                       United States Attorney


                                        /s/ Stanley A. Boone
                                       STANLEY A. BOONE
                                       Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the FBI and/or the U.S. Marshals Service, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

///

a) Approximately $213,690 in U.S. Currency, which was seized on or about December 7, 2007.

IT IS SO ORDERED.

**Dated:   January 25, 2008**              /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE